IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD W. DONNELLY, | : | |
| | : | 3:11-cv-1511 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| MARK A. PELEAK and DEPT. OF LABOR AND INDUSTRY, | : | |
| | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### November 21, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 6), filed on October 31, 2011, which recommends that this action be dismissed. Plaintiff Edward W. Donnelly ("Plaintiff" or "Donnelley") filed objections to the R&R on November 14, 2011. (Doc. 7). Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R and this action shall be dismissed.

I.  **BACKGROUND**[1]

On August 16, 2011, Plaintiff filed the instant *pro se* action claiming, *inter alia*, violations of his due process rights pursuant to 42 U.S.C. § 1983 in relation to workers' compensation proceedings. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2).

The facts giving rise to this matter are as follows. Plaintiff filed a workers' compensation claim against his former employer, TRL, Inc., based on an alleged work-related injury. A hearing was held on July 12, 2007 in front of Workers' Compensation Judge ("WCJ") Mark A. Peleak. WCJ Peleak issued a written decision on July 20, 2007 which approved a settlement agreement between the parties, pursuant to which, Plaintiff was to receive a lump sum payment of $12,500 less any payment of attorneys fees, plus payment of reasonable and necessary medical expenses up to July 12, 2007. Thereafter, on August 20, 2007, Compservices, Inc., the administrator of TRL's workers' compensation benefits, issued two checks in full payment of Plaintiff's claim. Donnelly claimed that the checks were not issued within thirty days as required under Pennsylvania law, but were issued a day late. As a result, he filed a petition seeking penalties, claiming

---

[1] Much of the factual background recited herein is extracted from a Memorandum and Order issued by this Court in a previous action filed by Donnelly as well as an opinion issued by in subsequent appeal to the United States Court of Appeals for the Third Circuit. *See Donnelly v. TRL, Inc.*, 2010 WL 260664 (M.D. Pa.) and 420 Fed. Appx. 126 (3d Cir. 2010).

that TRL and Compservices had breached the settlement agreement. A hearing was held on Donnelly's petition, and the judge denied the said petition finding that the payment was not untimely inasmuch as it was issued within thirty days of the July 20, 2007 decision.

Thereafter, Plaintiff filed a civil rights action in this Court against TRL, Compservices and the Commonwealth of Pennsylvania claiming that his due process rights were violated in relation to his penalty petition proceeding because the judge accepted an "ex parte communication" from TRL in the form of a letter outlining its response to the penalty petition and because TRL "illegally" reproduced the July 12, 2007 hearing transcript. The docket number of that case was 3:10-cv-665.

By Memorandum and Order dated June 25, 2010, we granted the defendants' individual motions to dismiss Donnelly's action and dismissed the action for failure to state a claim. In doing so, we determined that (1) the claims against TRL were void *ab initio* in light of an automatic stay imposed by bankruptcy proceedings in which TRL was involved; (2) the claims against the Commonwealth were found to be barred by the Eleventh Amendment; and (3) the claims against Compservices failed because it was not a state actor. Finally, we noted that any attempt to avoid the rulings of the WCJ would be barred by the

*Rooker-Feldman* doctrine. Plaintiff appealed our dismissal of his action to the Third Circuit. In affirming our decision on all grounds, the Third Circuit noted that we had "properly rejected [the Plaintiff's] attempt at venue shopping, which appears to have been an effort to seek review of the WCJ's judgment in federal court rather than through the state appellate process."

 As noted above, on August 16, 2011, the Plaintiff filed the instant action, in which he claims that, after he received the Third Circuit's decision in the previous action, he filed an appeal of the workers' compensation matter with the Commonwealth Court. The Plaintiff was thereafter notified that his appellate brief did not comply with the Pennsylvania Rules of Appellate Procedure. Plaintiff submitted another brief, which he characterizes as his "best effort to comply with the Pennsylvania Rules of Appellate Procedure." On April 27, 2011, the Plaintiff's appeal in the Commonwealth Court was dismissed for his failure to comply with the court's prior order. In this action, Plaintiff claims that the Commonwealth Court thwarted his attempt to appeal the WCJ's decision and that he is now barred from obtaining due process in the state system. Specifically, Plaintiff seeks to have the court "uphold [his] right to Due Process" and "make void the Decisions of Judge Peleak/Pennsylvania's Appellate Courts and require the Commonwealth to remand [his] Petition for Penalties to a Court in the Commonwealth with a Judge

and Jury of peers to adjudicate [his] Petition for Penalties more in line with the Constitution, common law and prevent the conflict of interest withe the Department of Labor." Plaintiff also states that since he "cannot get a second bite at the apple," he requests arbitration with Defendant Peleak "for damages caused by his willful violation of [the Plaintiff's] civil rights (due process) and criminal actions that followed."

On October 31, 2011, Magistrate Judge Mannion issued the instant R&R in which he reviewed the Plaintiff's complaint and determined that the Plaintiff was simply attempting to re-litigate the claims which were previously found by this Court and the Third Circuit to be barred. Magistrate Judge Mannion notes that, as previously determined by this Court and the Third Circuit, Plaintiff's attempts to nullify any proceedings related to his workers' compensation claim are nullified by the *Rooker-Feldman* doctrine.

## II. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or

recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### III.  DISCUSSION

Within his objections to the R&R, the Plaintiff continues to assert that his civil and due process rights have been violated. He further argues that the undersigned, Magistrate Judge Mannion, and the Court of Appeals for the Third Circuit must be "barred from involvement" with this case because of a "conflict of interest." Donnelly states that:

> For the U.S. District Court and the Third Circuit Court of Appeals to actually believe the notion that the Commonwealth would allow me to prove in a Court of Law that the corruption in Pennsylvania Government is wide-spread and affects all the residents is insane. It would cost Pennsylvania tens of millions of dollars just to review . . . all the claims that were denied by the Department of Labor's Kangaroo Courts.

Plaintiff then requests a "change of venue" and warns that if this request is not granted he will file "formal misconduct charges." (Doc. 7, p. 4).

While we recognize that Donnelly firmly believes his civil and due process rights have been violated by the WCJ as well as the Commonwealth Court, Plaintiff once again simply does not have a federal cause of action.  As noted by the Third Circuit, we lack jurisdiction "over cases brought by state-court losers complaing of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Donnelly v. TRL, Inc.,* 420 Fed. Appx. at 129-30. That is precisely the circumstance here, Plaintiff's invective notwithstanding.  As such, any attack Plaintiff attempts to make on the state court worker's compensation proceedings are barred by *Rooker-Feldman.*

## V.   CONCLUSION

Accordingly, for the reasons set forth above, the R&R shall be adopted in its entirety and this matter shall be dismissed.  An appropriate Order shall issue.